IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No.:  12-cv-324 ) |
| v. | ) ) |
| CHASE BORUCH, JAMIE PERGOLSKI, and the ESTATE of SALLY PERGOLSKI, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff/Stakeholder, AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), by its attorneys, and for its Complaint for Interpleader Relief pursuant to Rule 22 of the Federal Rules of Civil Procedure against claimants, Chase Boruch, Jamie Pergolski, and the Estate of Sally Pergolski, states as follows:

## PARTIES

1. Plaintiff/Stakeholder, American General is an insurance company incorporated under the laws of Texas with its principal place of business in Houston, Texas.

2. Defendant/Claimant, Chase Boruch, is a citizen of the State of Wisconsin, and previously resided in Madison, Wisconsin.

3. Defendant/Claimant, Jamie Pergolski, is a citizen of the State of Nevada and resides in Las Vegas, Nevada.

4. Upon information and belief, Defendant/Claimant Estate of Sally Pergolski, is a citizen of Wisconsin.  Upon information and belief, prior to her death Sally Pergolski resided at 305 Humboldt Avenue, Wasau Wisconsin   Further, upon information and belief, Chase Boruch

1185253.1

was the executor, or appointed fiduciary, of the Estate of Sally Pergolski and previously resided in Madison, Wisconsin. Upon information and belief, Jamie Pergolski may be the executor, or appointed fiduciary, of the Estate of Sally Pergolski and resides in Las Vegas, Nevada.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and plaintiff and defendants are citizens of different states. Plaintiff American General is a citizen of Texas, Defendant Chase Boruch is a citizen of Wisconsin, Defendant Jamie Pergolski is a citizen of Nevada, and Defendant the Estate of Sally Pergolski is a citizen of Wisconsin.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) because one or more of the Claimants reside in this district.

## FACTUAL BACKGROUND

7. Sally Pergolski, deceased, was the mother of Chase Boruch and Jamie Pergolski.

8. American General issued life insurance policy number YMC0101847 ("Policy") to Sally Pergolski as the named insured, owner, and payor of the Policy. The Policy had a face value amount of $500,000 and insured the life of Sally Pergolski. A true and correct copy of the Policy is attached hereto as Exhibit A.

9. Sally Pergolski named Chase Boruch as the beneficiary of the Policy. A true and correct copy of the Beneficiary Designation Form is attached as Exhibit B.

10. No contingent beneficiary was named under the Policy.

11. Sally Pergolski died on June 6, 2010.

12. Under the terms of the Policy and on account of the death of the insured named under the Policy, American General became obligated to pay the sums due under the Policy in

1185253.1

the amount of $500,000 ("the Proceeds").

13. Thereafter, American General learned that Chase Boruch had been convicted of first degree intentional homicide for killing Sally Pergolski.

14. Chase Boruch has been sentenced to life in prison without the possibility of parole.

15. Per Wis. Stat. § 854.14(2), American General cannot safely pay out the proceeds to Chase Boruch.

## BASIS FOR INTERPLEADER RELIEF

16. American General cannot safely pay out the Proceeds because American General believes multiple and conflicting claims to the Proceeds of the Policy exist.

17. As a result of the foregoing, there exists actual or potential rival, adverse and conflicting claims to the Proceeds described above, and American General has been unable to discharge its admitted liability without exposing itself to multiple liability or multiple litigation or both.

18. American General is willing to pay the Proceeds due and owing on account of the death of the insured and under the Policy pursuant to the provisions of the Policy and the applicable law under order of this Court.

19. American General should not be compelled to become involved in the disputes or contentions of the claimants and the claimants should be ordered to litigate among themselves without further involving American General.

20. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation or both.

1185253.1

21. American General desires to deposit its admitted liability with the Clerk of this Court, said sum to abide the further order of this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff/Stakeholder, American General Life Company, asks for the following relief:

   a. That this Court grant American General leave to deposit its admitted liability with the Clerk of this Court;

   b. That the Defendants/Claimants, Chase Boruch, Jamie Pergolski, and the Estate of Sally Pergolski, be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal affecting the insurance proceeds due under the Policy and on account of the death of Sally Pergolski, and that said injunction issue without bond or surety;

   d. That the Defendants/Claimants, and each of them, be required to make full and complete answer to this Complaint for Interpleader Relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong, and how they make their claims thereto;

   e. That this Court determine and declare the rights of the Defendant/Claimants, and each of them, to life insurance benefits due and owing under the Policy;

   f. That the Court discharge American General of and from any and all liability for any insurance payable on account of the death of Sally Pergolski;

   g. That this Court excuse American General from further attendance upon this cause and dismiss American General from this case with prejudice; and

   h. That this Court grant American General such other and further relief as this Court deems just and equitable, including its attorney fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policy.

Respectfully submitted,

AMERICAN GENERAL LIFE INSURANCE COMPANY

By: /s/ Lauren M. Kim
             One of its Attorneys

Rebecca M. Rothmann
Cinthia G. Motley
Lauren M. Kim
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
55 West Monroe, Suite 3800
Chicago, Illinois 60603
Telephone:     (312) 704-0550
Facsimile:     (312) 704-1522

5

1185253.1